## Baldwin *v.* Hicks.

Hill, J. 1. It was conceded that the attack on the act of 1913 as being unconstitutional (Acts 1913, p. 415), on the ground that the officers of the court had a vested interest in costs in a criminal case before they were collected, was without merit, and that ground was not insisted on.

2. The act of 1913 (Acts 1913, p. 415) is not invalid on the ground that it is too indefinite and uncertain to be effective, because it contains the proviso, "that the relief herein provided shall not be effective until all costs for which the principal and surety on said bond are bound shall be duly paid to the officers of court authorized to receive same." The act contemplated the payment of costs within a reasonable time.

3. Where an act of the legislature required the payment of costs as a condition precedent to the relief of a surety on a criminal recognizance from liability, and the execution, based on the forfeiture of the recognizance made before the date of the act, was levied on property of the surety, to which he interposed an affidavit of illegality, and this was dismissed on the express ground that the costs had not been paid, such dismissal did not operate as an adjudication which would prevent him from paying the costs and again raising the point that the proceeding to collect the money from his property was illegal.

4. Under the evidence the judge did not abuse his discretion in granting an interlocutory injunction.

5. The bill of exceptions recites that the court overruled the demurrer to the petition and granted the injunction. No order passed on the demurrer appears in the record. The court was without authority, on an interlocutory hearing before the appearance term of the case, to pass judgment upon a demurrer, and an order formally overruling it at such time would be erroneous. But the judgment in the record deals only with the grant of an interlocutory injunction, and we so consider it.

*Judgment affirmed. All the Justices concur, except Evans, P. J., disqualified.*

May 11, 1916.

Injunction.    Before    Judge    Kent.    Laurens    superior    court. November 4, 1915.

*J. S. Adams,* for plaintiff in error.    *Larsen & Crockett,* contra.